Territorial Law Library



IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM | ) | CRIMINAL CASE NO. CF0611-03 |
| | ) | |
| vs. | ) | |
| | ) | |
| ROMANO JON SANTOS, | ) | DECISION AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter came before the Honorable Alberto C. Lamorena III on May 27, 2009 on People's Motion to Dismiss and Defendant's Motion to Dismiss. Attorney David Rivera appeared on behalf of the People of Guam. Appearing on behalf of Defendant was Attorney Joaquin C. Arriola, Jr. After reading the parties' briefs, the Court took the matters under advisement. The Court now issues its Decision and Order.

## FACTUAL HISTORY

Defendant was arrested and subsequently arraigned on January 7, 2004. A superseding indictment was filed on August 4, 2004. After several trial settings, motions, and changes in



attorneys, the case was set for trial on May 4, 2009. Shortly before trial, the People moved for dismissal because essential witnesses were unavailable due to military service.

## DISCUSSION

The People contend they should be allowed to dismiss the case without prejudice. Defendant argues that the case should be dismissed with prejudice because the People are acting in bad faith.

Defendant believes there has been unnecessary delay in bringing him to trial, and that any delay beyond the trial date would violate Title 8 G.C.A. §80.60(a)(3). Defendant argues that the People are acting in bad faith by dismissing the matter to avoid having the Court dismiss the matter for a violation of the Defendant's right to speedy trial, which would warrant a dismissal with prejudice according to the holding in People v. Gutierrez, 2005 Guam 19 at ¶ 51.

In reviewing the history of the case, it is clear that under Title 8 G.C.A. §80.60(b)(3), the People have shown good cause for the failure to commence the trial within the statutorily prescribed period. Of the six trial continuations, five of them have been due to motions filed by the Defendant, and the sixth was addressed at the February 23, 2009 hearing in which the Court found good cause for continuance. Defendant has had eleven different counsels appointed by the Court, each appointment requiring the incoming attorney to familiarize himself or herself with the case. Each of these continuances, with the exception of the February 23, 2009 continuance, has been for the benefit of the Defendant.

Under Barker v. Wingo, 407 U.S. 514, 530 (1972), the factors to be considered in whether a Defendant's right to speedy trial has been violated are: the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. The length of the delay is over five years. The Court agrees with the People that the vast majority of the delay in this matter has been for the benefit of the Defendant. Defendant has not submitted how his defense is prejudiced by the delay.

Upon reviewing the factors outlined in <u>Barker</u>, though the delay has been long, the rest of the factors weigh in favor of the People, and the Court finds that the People have shown good cause for the delays in this case.

## CONCLUSION

Based on the above, Defendant's Motion to Dismiss is DENIED. The People's Motion to Dismiss without Prejudice is GRANTED.

**IT IS SO ORDERED** this 3rd day of August, 2009.

_____
Alberto C. Lamorena III
Presiding Judge
Superior Court of Guam

-3-